FILED
John E. Triplett, Acting Clerk
United States District Court

*By casbell at 4:13 pm, Oct 21, 2020*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

UNITED STATES OF AMERICA,

v.

VINCENT M. MESSBARGER,

    Defendant.

CASE NO.:2:19-cr-50

## ORDER FOR PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION

This matter having come before the Court on Defendant's Motion for Determination of Mental Competency of Defendant Vincent Messbarger. Doc. 176.

On October 20, 2020, Mr. Messbarger appeared before the Court on Defendant's Motion for Determination of Mental Competency of Defendant Vincent Messbarger. Doc. 176. During the hearing, Mr. Messbarger appeared by telephone with the assistance of his daughter, Jessica Messbarger. Mr. Messbarger is currently located in an in-patient assisted living facility. The facility did not have internet access at the time of the hearing and, therefore, Mr. Messbarger was unable to join by video. During the proceedings, Mr. Messbarger's counsel stated that defense was moving forward on Defendant's Motion, doc. 176, under Title 18 U.S.C. § 4241(a) as to mental competency to stand trial and that at this time the defense did not have adequate information to challenge Mr. Messbarger's competency at the time of the alleged offenses or to assert an insanity defense. Indeed, no Notice of Insanity Defense has been filed with the Court at this time. The Assistant United States Attorney assigned to this case informed the Court that the Government does not oppose the motion. Based on the representations made during the hearing, the Court finds there is reasonable cause to believe that Mr. Messbarger may presently be suffering from a mental disease or defect rendering him mentally incompetent and, therefore, the requested evaluation is appropriate.

Because there is reasonable cause to believe Defendant may suffer from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the Court **ORDERS** a mental examination pursuant to 18 U.S.C. § 4247, as authorized by 18 U.S.C. §§ 4241 and 4242.

The Court *may* commit a defendant for up to thirty days to the custody of the Attorney General for an evaluation at a BOP facility, but a custodial evaluation is not required. See 18 U.S.C. § 4247(b). Given Defendant is not being detained and a lengthy observation period is likely not required, a noncustodial evaluation is more appropriate, and the Court will appoint a local expert to conduct Defendant's evaluation as set forth in further detail below. See id.

Within fourteen days of this Order, defense counsel and the Government should nominate a licensed or certified psychiatrist or clinical psychologist by a filing that attaches the nominee's resume or CV. See id. (requiring a "licensed or certified psychiatrist or psychologist"). The Court will then appoint an examiner to conduct the evaluation, set a time period within which Defendant must submit to be examined, and outline the parameters of the evaluation and the necessary contents of the report. Once the evaluation is complete, the evaluator will be responsible for submitting the report to the Court, upon receipt of which the Court will file the report under seal and schedule a competency hearing under 18 U.S.C. § 4247(d). Under the Guide to Judiciary Policy § 320.20.60, all costs associated with the mental evaluation will be the responsibility of the Department of Justice and all invoices must be submitted to the U.S. Attorney.

**IT IS FURTHER ORDERED** that the period of time for appointment of the examiner, testing and evaluation of Defendant, and preparation of the written report, is excludable from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(l)(A).

**SO ORDERED**, this 21st day of October, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA